UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,                Civil Action No. 11-C-1178

    v.                                       **CONSENT DECREE**

COMPUTER SYSTEMS, LLC,

                Defendant.

On December 29, 2011, the United States Equal Employment Opportunity Commission ("EEOC") filed Civil Action No. 11-C-1178 (E.D. Wis.) against Computer Systems LLC ("CSL"), under the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, alleging that on or about April 8, 2010, CSL chose Sharon K. Passon (age 60) as the CABS Specialist whose job would be eliminated in a reduction-in-force and instead retained a younger (age 34) and less qualified CABS Specialist. The Complaint in Civil Action No. 11-C-1178 sought injunctive relief as well as back pay and liquidated damages for Ms. Passon. In its Answer filed on January 23, 2012, CSL denied the EEOC's claims.

The EEOC and CSL have agreed to this Consent Decree, which shall fully and finally resolve all claims raised by the EEOC in its Complaint in Civil Action No. 11-C-1178 (E.D. Wis.). This Decree does not constitute an adjudication of, or a finding on, the merits of the case for or against any party.

This Consent Decree shall be final and binding on the EEOC and on CSL and CSL's directors, officers, agents, employees, successors, and assigns, and all persons in active concert or participation with them.

## CONSENT DECREE

Upon the consent of the parties to this action, IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

**I. Jurisdiction, Term, and Miscellaneous Provisions**

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. This Decree conforms to the Federal Rules of Civil Procedure and is not in derogation of any person's rights or privileges. The entry of this Decree will further the ADEA's objectives and will be in the best interests of the parties, Sharon K. Passon, and the public.

3. This Decree shall fully and finally resolve all claims raised by the EEOC in its Complaint in Civil Action No. 11-C-1178 (E.D. Wis.), and all claims arising out of the charge of discrimination filed by Ms. Passon against CSL, EEOC Charge No. 443-2010-01106C and ERD Case No. CR201101653. This Decree constitutes a complete resolution of all claims under the ADEA and the 1991 Civil Rights Act that the EEOC made in this action.

4. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

5. The terms of this Decree are and shall be binding upon CSL's present and future representatives, agents, directors, officers, assigns, and successors, in their capacities as

representatives, agents, directors, and officers of CSL and not in their individual capacities. This Paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

6. This Decree shall be filed in the United States District Court for the Eastern District of Wisconsin and shall continue in effect for two years from the date on which this Decree is entered. Any application by any party to modify or vacate the Decree during that period shall be made by motion to the Court on no less than 30 days' notice to the other party.

7. This Court shall retain jurisdiction over this action in order to enforce the terms of this Consent Decree.

## II. Monetary Relief

8. CSL agrees to pay $32,500 to Ms. Passon in full and final settlement of the claims against CSL which were raised in the EEOC's Complaint. Before she receives any payment, Ms. Passon shall sign the release attached as **Exhibit A** to this Consent Decree and the EEOC shall promptly convey her executed release to CSL. CSL shall mail the check to Ms. Passon by certified mail, return receipt requested, within five business days of receiving the fully executed release, but only after the Court enters this Consent Decree. On the same day that it mails the settlement check to Ms. Passon, CSL also shall mail a photocopy of the check to Dennis R. McBride, Senior Trial Attorney, EEOC, 310 West Wisconsin Avenue - Suite 800, Milwaukee, WI 53203-2292.

**III.  Provisions Applicable if CSL Resumes Doing Business**

CSL has represented to the EEOC that it ceased doing business on or about November 1, 2010.  The following provisions shall apply if CSL resumes doing business at any time during the term of this Consent Decree:

9. <u>Prohibition Against ADEA Violations</u>.  CSL will not engage in any employment practice which constitutes unlawful discrimination under the ADEA.  Among other things, CSL is enjoined from discriminating against employees age 40 and older by discharging them and retaining younger, less qualified employees.

10. <u>Compliance with the ADEA</u>.  CSL shall comply with all provisions of the ADEA.  Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit CSL's obligations under the ADEA or the EEOC's authority to process or litigate any charge of discrimination which may be filed against CSL in the future, or CSL's ability to defend against any such claims.

11. <u>No Retaliation</u>.  CSL will not engage in, implement, or permit any action, policy, or practice with the purpose of retaliating against any current or former applicant or employee because s/he opposed any action or practice which is unlawful under the ADEA.  CSL will not retaliate against individuals who filed a charge of discrimination alleging any such action or practice; testified or participated in any manner in any investigation (including, but not limited to, any internal investigation undertaken by CSL), proceeding, or hearing relating to any claim of employment discrimination in this case or otherwise; or who was identified as a possible witness in this action; asserted any rights under this Consent Decree; or sought and/or received any monetary and/or non-monetary relief in accordance with the  law.

12. <u>Training</u>.  Within 60 days of resuming business, CSL shall provide training to all managers and supervisors, and to all of its employees performing human resources functions, regarding the rights of employees under the ADEA and the employer's obligations under the ADEA, with an emphasis on how to keep CSL free of employment discrimination, and what constitutes unlawful retaliation.  The training shall be for a minimum of four hours and shall include a live presentation by one or more employment attorneys, who shall emphasize CSL's commitment to prevent discrimination and retaliation.

13. <u>Training Reports</u>.  No later than 14 days prior to the first day of the proposed training, CSL shall submit to the EEOC the name(s), address(es), telephone number(s), and curriculum vitae/resume(s) of its trainer(s), together with the date(s) and location(s) of the proposed training.  CSL shall provide the EEOC with copies of all written materials provided to the participants of the training sessions.  Within five business days after all required training has occurred, CSL shall send a letter to Dennis R. McBride, at the address listed in Paragraph 8 above, certifying to the EEOC that the training has taken place and that the required personnel have attended.

14. <u>Reporting of Complaints</u>.  If CSL resumes business during the term of this Consent Decree, it shall report the following to the EEOC:  (a) the names, addresses, and telephone numbers of all employees who make a formal or informal complaint of discrimination and/or retaliation on the basis of age; (b) a summary of the nature of the complaint or allegation, with details including the specific facts of the complaint, the persons involved, and the actions taken by CSL to promptly and effectively deal with the complaint or allegation; (c) a summary of the results of any investigation, discipline, or other action taken as a result of the complaint or allegation; and (d) a description of all changes in the terms or conditions of employment for any

employee who has made, within the preceding year, an internal complaint or allegation of retaliation under the ADEA, or filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under the ADEA. CSL shall make the reports in writing within 30 days of each incident to Dennis R. McBride at the address listed in Paragraph 8 above.

**IV. Dispute Resolution**

15. If either the EEOC or CSL believes that the other party has failed to comply with any provision of this Consent Decree, the complaining party shall notify the other party of the alleged non-compliance within 20 business days of the alleged non-compliance, and shall afford the alleged non-complying party 20 business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance within 20 business days, the complaining party may apply to the Court for appropriate relief.

Dated this __25th__ day of October, 2012.

BY THE COURT:

s/ William C. Griesbach
William C. Griesbach
United States District Judge